STATE OF NORTH CAROLINA v. FRANKLIN KEITH BOWMAN

No. 8625SC263

(Filed 3 February 1987)

**1. Rape and Allied Offenses § 19— indecent liberties—evidence sufficient**

The evidence was sufficient to warrant the inference that defendant willfully took or attempted to take an indecent liberty with a child for the purpose of arousing or gratifying his sexual desire where the evidence showed that when the victim awoke, she found her pajamas at her feet and defendant in her room; she heard defendant unzip his pants and take off his boots; defendant climbed on top of her; defendant made the bed shake, kissed her cheek, and touched her "pee pee"; and defendant at the time of the incident was twenty-nine years old while the child was eight years seven months old. N.C.G.S. 14-202.1(a)(1).

**2. Rape and Allied Offenses § 19; Criminal Law § 50.1— indecent liberties—delay in reporting—expert opinion admissible**

The trial court did not err in a prosecution for taking indecent liberties with a minor by admitting the testimony of the victim's pediatrician that a delay between the occurrence of an incidence of child sexual abuse and the child's revelation of the incident was the usual pattern where the witness was a stipulated expert physician specializing in family medicine; his testimony was

State v. Bowman

based on his knowledge, skill, experience, training, and education as a physician; and defendant opened the door to corroboration of the victim by cross-examining her about her delay in reporting the incident. N.C.G.S. 8C-1, Rule 702.

**3. Rape and Allied Offenses § 19; Criminal Law § 50.2— indecent liberties—opinion of officer—not admissible**

The trial court erred in a prosecution for taking indecent liberties with a minor by admitting the testimony of a police officer that a child of the victim's age did not have the necessary information about sexuality to fantasize where the officer had not been qualified as an expert. There was prejudice because the State's case against defendant was almost totally dependent on the credibility of the victim. N.C.G.S. 8C-1, Rule 701.

APPEAL by defendant from *Hairston, Judge.* Judgment entered 10 October 1985 in Superior Court, CALDWELL County. Heard in the Court of Appeals 20 August 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorney General G. Patrick Murphy for the State.*

*Wilson and Palmer by W. C. Palmer for defendant appellant.*

COZORT, Judge.

Defendant was tried upon a proper indictment issued 14 January 1985 charging him with (1) first-degree rape, G.S. 14-27.2, and (2) taking indecent liberties with a minor, G.S. 14-202.1. Defendant was convicted of taking indecent liberties with a minor and sentenced to the presumptive term of three years in prison. On appeal defendant alleges (1) that the trial court should have granted his motion to dismiss the indecent liberties charge against him because the State's evidence was insufficient, and (2) that the testimony of two State witnesses was improperly admitted because it exceeded corroboration of the victim's credibility and was without adequate foundation. We find no error in the trial court's refusal to dismiss the indecent liberties charge. We grant a new trial on one evidentiary issue, finding prejudicial error in the trial court's admission of expert testimony from a lay witness.

The State's evidence tended to show that in March 1983, the victim, an eight-year-seven-month-old girl, and her sister were left in the care of the defendant when the girls' father took their mother to Caldwell Memorial Hospital to be treated for a mi-

graine headache. The victim had been adopted by her stepfather, who is the brother of the defendant. The victim testified that on the night in question she awoke and found her pajamas at her feet. She heard defendant unzip his pants and take off his boots. Defendant got on top of her in her bed. The victim did not remember what part of defendant's body touched her, but she did remember the bed was shaking while he was on top of her. She did not know which direction defendant was facing because, although the hallway light was on, her room was dark. The victim testified defendant kissed her on the cheek and touched her "pee pee." She did not remember how long defendant was on top of her; however, her stomach hurt below her waist while he was on top of her. After defendant got up, the victim heard him zip up his pants and pick up his boots. She stated defendant told her not to tell her parents of the incident. At the time of the incident, the defendant was twenty-nine years old.

The victim testified her vaginal area had gotten red four or five times after the incident. One night about a year later, her mother saw it while she was bathing. She told her mother about the incident. She told Dr. Marc Guerra about the incident during an examination on 25 March 1984. The initial report was filed with the Caldwell County Sheriff's Department on 30 March 1984, and Sergeant Henrietta Lane interviewed the victim on 13 April 1984.

Donald Bowman, the victim's father, testified he and several family members, including defendant, went to Sims Country Barbecue on a night in 1983 and defendant signed a register that night at the business. Defendant and Donald later went to a night spot and returned to Donald's house around 1:00 a.m. Later that night Donald left his children with defendant while he took his wife to the hospital to obtain treatment for a migraine headache. Donald testified that about a year had passed between the night he took his wife to the hospital and the time the victim told her mother about defendant molesting her.

Dr. Marc Guerra testified he examined the victim on 25 March 1984, and she related the incident to him. His examination revealed no physical evidence of rape. Nancy Bowman, the victim's mother, and Sergeant Henrietta Lane, juvenile officer for

the Caldwell County Sheriff's Department, both testified that the victim had related the incident to them.

The defendant's evidence was an alibi tending to show defendant was in Virginia and not in Lenoir the night the incident was alleged to have occurred. Defendant and four defense witnesses testified to his presence in Virginia.

[1] Defendant assigns as error the trial court's denial of the defendant's motion to dismiss the indecent liberties charge at the close of the State's evidence on the grounds of insufficient evidence. Defendant was convicted under G.S. 14-202.1(a)(1), which reads as follows:

Taking indecent liberties with children:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
> . . . .

Defendant argues that, while the evidence may appear damaging at first glance, upon scrutiny of the testimony as a whole, the specific intent to commit a sexual act or "arouse or gratify sexual desire" is absent. We disagree and find the evidence sufficient.

> [U]pon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. . . . The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984) (citations omitted). "It is immaterial whether the substantial evidence is circumstantial or direct, or both." *State v. Jones*, 303 N.C. 500, 504, 279 S.E. 2d 835, 838 (1981) (quoting *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956) ). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. *Id.*

*State v. Diaz*, 317 N.C. 545, 546-47, 346 S.E. 2d 488, 490 (1986).

The evidence taken in the light most favorable to the State shows when the victim awoke she found her pajamas at her feet and the defendant in her room. She heard the defendant unzip his pants and take off his boots. Then defendant climbed on top of her. The victim testified defendant made the bed shake, kissed her cheek, and touched her "pee pee." The defendant at the time of the incident was twenty-nine years old, and the child was eight years seven months old. We hold this evidence was sufficient to warrant the inference that the defendant willfully took or attempted to take an indecent liberty with a child for the purpose of arousing or gratifying his sexual desire.

[2] Defendant's next assignment of error challenges the admission into evidence of testimony by two of the State's corroborating witnesses. We first examine the testimony of Dr. Guerra, who examined the victim on 25 March 1984. Dr. Guerra testified on direct examination that a delay between the occurrence of an incident of child sexual abuse and the child's revelation of the incident was the usual pattern of conduct for victims of child sexual abuse. Defendant contends this testimony was prejudicial because it suggested to the jury that the alleged victim was a victim of child sexual abuse. The State argues the defendant opened the door by attacking the victim's credibility on cross-examination. The defendant contends Dr. Guerra's testimony goes far beyond the corroboration of the alleged victim and was improperly admitted.

If scientific, technical, or specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion. G.S. 8C-1, Rule 702. Dr. Guerra was a stipulated expert physician and surgeon specializing in family medicine. Dr.

Guerra's testimony concerning a child's delay in reporting an incident of child sexual abuse as being normal was based on his knowledge, skill, experience, training and education as a physician. We find no error in the admission of Dr. Guerra's testimony.

This case is distinguishable from *State v. Stafford*, 317 N.C. 568, 346 S.E. 2d 463 (1986), where the Supreme Court addressed a situation *similar* to this case. In *Stafford*, the victim testified that she awoke one night and found her uncle in her bedroom, and her uncle raped her. The child did not reveal the event to anyone until a month later. The medical expert in that case testified that he could not form an opinion concerning whether the victim suffered from rape trauma syndrome, but he testified about symptoms the victim revealed to him which were consistent with the syndrome. Some of these symptoms were not testified to by the victim at trial. The Supreme Court upheld this Court's reversal of the lower court's ruling, finding that the medical expert's testimony concerning symptoms not testified to by the victim went far beyond corroborating the testimony of the alleged victim; and its admission was error. *Id.* at 575, 346 S.E. 2d at 467. These statements to the physician were made for the purpose of preparation for trial, not treatment or diagnosis, and do not qualify under G.S. 8C-1, Rule 803(4).

In the present case the defendant cross-examined the victim concerning her delay in reporting the incident. This cross-examination opened the door for the State to corroborate the victim's testimony. Dr. Guerra's testimony concerning delay in a child's reporting sexual abuse cases was used to corroborate victim's credibility after defendant's cross-examination attacked her credibility and therefore was properly admitted. It was admissible testimony which corroborated the testimony of the victim.

[3]  Next we examine Sergeant Lane's testimony on redirect examination that a "child of that age does not have the necessary information about sexuality to fantasize any of it." Defendant contends that testimony went far beyond the corroboration of the victim's testimony with no adequate foundation for the testimony. We agree with defendant that there was no adequate foundation for this testimony.

Sergeant Lane was not qualified as an expert witness and was testifying as a lay witness. The standard used for a lay wit-

ness's testimony is found in G.S. 8C-1, Rule 701, which reads as follows:

Opinion testimony by lay witness.

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

The prosecution's redirect examination of Sergeant Lane reads as follows:

Q. In your training for the examination and investigation of child sex abuse cases, you've testified in your prior testimony that you were taught certain things regarding how to separate fantasy from fact, is that correct?

A. Correct.

Q. And what were you taught about a child's propensity to fantasize in these matters at the age of eight years old?

MR. PALMER: — OBJECTION.

THE COURT: — OVERRULED.

A. A child of that age does not have the necessary information about sexuality to fantasize any of it.

Since Sergeant Lane had not been qualified as an expert, she could not testify to this opinion.

Having found that the court erred in allowing Sergeant Lane to testify concerning a child's ability to sexually fantasize, we must determine whether the error was so prejudicial as to warrant a new trial.

A defendant is prejudiced by adverse evidentiary rulings where there is a "reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443 (1983).

*State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76, 82 (1986).

In this case, only the defendant and the victim purported to have personal knowledge of whether the alleged incident charged against the defendant actually occurred. The testimony given by each absolutely conflicted with the testimony of the other. The State's case against the defendant was almost totally dependent on the credibility of the victim. Due to these circumstances, we can only conclude that the erroneous admission of Sergeant Lane's testimony concerning a child's ability to create sexual fantasies demonstrates a "reasonable possibility" that a different result would have been reached at trial had the error not been committed. As a result, we hold the defendant is entitled to a new trial.

New trial.

Judges BECTON and JOHNSON concur.