STATE OF NORTH CAROLINA v. LEOPOLD LINCOLN GREEN

No. 887SC1376

(Filed 19 September 1989)

**1. Witnesses § 1.2— competency of child to testify**

> The trial court did not abuse its discretion in finding that a seven-year-old victim was competent to testify in a rape trial where the child testified that she knew what it meant to tell the truth and the difference between right and wrong, notwithstanding the child also testified that her mother decided what the truth was and that she did not know what it meant to break a promise or what an oath was. N.C.G.S. § 8C-1, Rules 601(a) and (b).

**2. Rape and Allied Offenses § 5— rape of child—sufficient evidence of vaginal intercourse**

> There was sufficient evidence of vaginal intercourse to support defendant's conviction of first degree rape of a child where the child testified that defendant pulled down her pajamas and laid her on the floor; the child answered affirmatively when asked whether defendant put his private parts in her private parts; the transcript reveals that the child knew where private parts are located; a doctor who examined the child a month after the alleged incident testified that, although he found no bruises, scrapes, healing abrasions or other signs of trauma, the child's vaginal opening was approximately two centimeters in diameter and there was evidence of tearing and subsequent healing of the hymenal ring; and the doctor was of the opinion that these physical findings were compatible with penile penetration.

3. **Rape and Allied Offenses § 6.1— rape case—instruction on attempted rape not required**

 The trial court in a prosecution for first degree rape of a child did not err in failing to instruct the jury on attempted first degree rape where all of the State's evidence tended to show that defendant penetrated the victim, and defendant denied having any sexual contact with the victim.

4. **Criminal Law § 128.2— failure of jury to agree—mistrial not required**

 The jury was not deadlocked so as to require the trial court to grant defendant's motion for a mistrial after the jury deliberated from 4:07 p.m. until 5:36 p.m., went to dinner, deliberated further from 6:55 until 9:37, and announced that it was divided ten-two and that no progress had been made since dinner, where the jury resumed deliberations after being instructed by the court, returned to the courtroom at 10:49 p.m. and reported that a verdict could possibly be reached the following day, and reached a guilty verdict after having deliberated for two hours the following day.

5. **Criminal Law § 122.2— trial court's statement to jurors— verdict not coerced**

 The trial court did not coerce a verdict by instructing the jurors prior to their second day of deliberations that "[y]ou all may retire to the Jury room and make up your verdict."

APPEAL by defendant from *Griffin, Judge*. Judgment entered 11 August 1988 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 25 August 1989.

Defendant was charged with the first degree rape of his seven-year-old daughter. The incident allegedly occurred on the night of 12 March 1988 when the child was spending the night at her paternal grandmother's house. The trial court allowed the child to testify after a *voir dire* hearing to determine her competency. The evidence for the State tended to show that defendant entered the bedroom that the child and her grandmother shared, picked up the child and carried her into the living room. On direct examination the child answered affirmatively when asked whether defendant had "put his private parts in [her] private parts." The child also answered affirmatively when asked whether defendant had "put his private parts in [her] mouth" and whether defendant

"lick[ed her] private parts." The State presented corroborative evidence from the child's mother, a detective with the Rocky Mount Police Department, and the doctor who examined the child. At the close of the State's evidence the trial court denied defendant's motion to dismiss.

For the defense, defendant's mother testified that she was a light sleeper and she heard nothing on the night of the alleged incident. Defendant testified and denied that any of the acts had occurred. Character witnesses testified on defendant's behalf. At the close of the evidence defendant renewed his motion to dismiss which was denied. The court denied defendant's request for a jury instruction on attempted rape. The issue submitted to the jury was whether defendant was guilty or not guilty of first degree rape.

The jury retired to deliberate at 4:07 p.m. At approximately 11:00 p.m. the jurors were instructed to discontinue their deliberations and return the following day to continue. Defendant's motion for mistrial was denied.

The following day the court instructed the jurors "[y]ou all may retire to the Jury room and make up your verdict." Approximately two hours later the jury returned and reported that their unanimous verdict was that defendant was guilty of first degree rape. The defendant made a motion to dismiss for insufficiency of the evidence. The trial court denied defendant's motion. From judgment entered on the verdict, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Robert Dale Pitt for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the trial court erred in five respects. Defendant's first argument is that the court erred in finding the child competent to testify. Defendant also argues that the court committed reversible error in denying his motion to dismiss for insufficiency of the evidence. Third, defendant argues the trial court erred in refusing to submit to the jury the issue of attempted rape. Defendant also argues that the court erred in failing to declare a mistrial. Finally, defendant argues that the trial court instructed the jury in such a way as to coerce a verdict. After careful review of the record, we find no error.

STATE v. GREEN

[95 N.C. App. 558 (1989)]

I

**[1]** Defendant first argues that the court abused its discretion in finding the alleged victim competent to testify and thereafter allowing her testimony into evidence. Defendant argues that the seven-year-old child demonstrated on *voir dire* that she did not fully understand the nature of an oath and the duty to tell the truth. Defendant relies in particular on the child's testimony that her mother decided what the truth was. On this record we find no merit in defendant's arguments.

G.S. 8C-1, Rule 601(a) provides that "[e]very person is competent to be a witness except as otherwise provided" in the Rules of Evidence. G.S. 8C-1, Rule 601(b) provides that a person is disqualified when the court determines that the person is "incapable of understanding the duty of a witness to tell the truth." The determination of the competency of a witness rests in the sound discretion of the trial court. Absent a showing that the court's ruling could not have been the result of a reasoned decision, the ruling will not be disturbed on appeal. *State v. Hicks*, 319 N.C. 84, 89, 352 S.E.2d 424, 426 (1987).

The transcript reveals the following exchange between the court and the child:

Q: You mean if you don't tell the truth, you'll get punished, is that what you mean?

A: Yes.

Q: So you know what it means to tell the truth, is that right?

A: Yes.

* * *

Q: You understand it is important to tell the truth?

A: Yes.

Q: And you are going to promise to us that you are going to tell the truth?

A: Yes.

Q: You're going to keep your promise?

A: Yes.

Q: You know how important it is to do that, is that right?

A: Yes.

Defendant points out that the child also answered that she did not know what it means to break a promise and did not know what an oath was. As noted by our Supreme Court, the testimony of a witness of tender years is oftentimes "somewhat vague and self-contradictory." *State v. McNeely*, 314 N.C. 451, 457, 333 S.E.2d 738, 742 (1985). Notwithstanding the testimony relied upon by defendant, the child did testify that she knew what it meant to tell the truth and she knew the difference between right and wrong. On this record we find no abuse of discretion by the trial court.

## II

[2] Defendant's second argument is that the court erred in denying his motion to dismiss for insufficiency of the evidence. Defendant asserts that the testimony of the child regarding vaginal intercourse was "equivocal and vague." Defendant argues that "[n]othing in her testimony indicated that 'private parts' meant her vagina or that the defendant had vaginal intercourse with her." Defendant also argues that the medical evidence was inconsistent with vaginal intercourse having occurred on the date alleged. We disagree.

For a charge of first degree rape to withstand a motion to dismiss for insufficient evidence, there must be evidence, among other things, that defendant engaged in vaginal intercourse with the victim. G.S. 14-27.2. In ruling on a motion to dismiss for insufficient evidence the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence. *State v. Bell*, 311 N.C. 131, 138, 316 S.E.2d 611, 615 (1984). There must be substantial evidence of each essential element of the offense charged, together with evidence that defendant was the perpetrator of the offense. *State v. Gardner*, 311 N.C. 489, 510-11, 319 S.E.2d 591, 605 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1232, 84 L.Ed.2d 369 (1985).

At trial the child testified that defendant pulled down her pajamas and laid her on the floor. The child answered affirmatively when asked whether defendant put his private parts in her private parts. Although the child did not respond when asked to point

to where her private parts were located, the transcript reveals that the child knew where they were. The child responded that she did not want to point to her private parts and answered affirmatively when asked if private parts "were [where he] goes to the bathroom." The doctor who examined the child approximately one month after the alleged incident testified that he found no bruises, scrapes, healing abrasions (scabs) or other signs of trauma. However, the doctor also testified that the opening of the child's vagina was approximately two centimeters in diameter and there was evidence of tearing, and subsequent healing, of the hymen ring. In the doctor's opinion these physical findings were "compatible with penile penetration." The doctor testified he was unable to determine from the physical examination of the child when the penetration occurred. When viewed in the light most favorable to the State, the evidence was sufficient to withstand defendant's motion to dismiss.

### III

[3] Defendant's third argument is that the trial court erred in failing to instruct the jury on attempted first degree rape. On this assignment of error defendant reasserts his argument regarding the vagueness of the child's testimony and the "conflict" with the testimony of the doctor. We disagree with defendant's argument and overrule his assignment of error.

An instruction on a lesser included offense is warranted only when evidence is presented from which a jury could find that defendant committed the lesser offense. State v. Johnson, 317 N.C. 417, 436, 347 S.E.2d 7, 18 (1986). Ordinarily, where there is evidence of some penetration by defendant sufficient to support a conviction of rape and the defendant denies any sexual relations with the victim, the defendant is not entitled to a charge of attempted rape. State v. Smith, 315 N.C. 76, 102, 337 S.E.2d 833, 850 (1985). There is no evidence in this case that defendant merely attempted to rape the victim. All of the State's evidence tended to show that defendant penetrated the victim. Defendant denied having any sexual contact with the victim. Under these circumstances no instruction on attempted rape was warranted.

### IV

[4] Defendant's fourth argument is that the trial court committed error in failing to declare a mistrial. In his brief defendant asserts that the

jury deliberated for seven hours total. After the jury returned from dinner the jury deliberated three hours. The foreman stated no progress had been made during that time. In all, the jury returned to the courtroom three times. At least once the foreman indicated that it was doubtful a verdict could be reached.

Defendant argues that these circumstances indicate there was no reasonable probability of the jury's agreement on a verdict. Defendant asserts that the trial court abused its discretion in denying his motion for mistrial. We disagree.

The granting or denying of a motion for mistrial is a matter within the sound discretion of the trial court. *State v. McGuire*, 297 N.C. 69, 74-75, 254 S.E.2d 165, 169, *cert. denied*, 444 U.S. 943, 100 S.Ct. 300, 62 L.Ed.2d 310 (1979). "[T]he action of the judge in declaring or failing to declare a mistrial is reviewable only in case of gross abuse of discretion." *State v. Darden*, 48 N.C. App. 128, 133, 268 S.E.2d 225, 228 (1980).

The transcript shows that the jury retired at 4:07 p.m. At 5:25 p.m. the jury informed the court that it had a question; the contents of the question are not shown in the record. The transcript shows that at 5:36 p.m. the trial court returned the jury to the courtroom and informed them that arrangements for their dinner were being made and telephones were available to them if needed. The jury went to dinner at 5:45 p.m. At 6:55 p.m. the jurors returned to the courtroom and then retired to deliberate. At 9:37 p.m. the jury returned to the courtroom and reported they were divided 10-2 and that no progress had been made since dinner. The court denied defendant's motions for a mistrial and a directed verdict. At 9:45 p.m., after being instructed by the court on the duty to consult and deliberate with a view to reaching a verdict, the jury returned to the jury room. At 10:49 p.m. the jury returned to the courtroom at the request of the court and reported that no progress toward a verdict had been made. The jurors did report that it was possible a verdict could be reached if deliberations were to continue the following day. The jury was instructed to discontinue deliberations and return the following day at 9:30 a.m. The following day the jurors returned and after deliberating for approximately two hours reached a guilty verdict. We fail to see how these facts disclose any sort of deadlock. Accordingly, we

hold that the court's denial of defendant's motion for mistrial was proper.

## V

**[5]** Defendant's final argument is that the trial court's comment to the jurors before they resumed deliberations on the second day had the effect of coercing a verdict. The judge stated to the jurors: "You all may retire to the Jury room and make up your verdict." Defendant failed to object to the trial court's statement but asserts that it was plain error. We find no merit to defendant's argument and his assignment of error is overruled.

> In deciding whether the court's instructions forced a verdict or merely served as a catalyst for further deliberation, an appellate court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury.

*State v. Alston*, 294 N.C. 577, 593, 243 S.E.2d 354, 364-65 (1978). Under the circumstances it is clear that the trial court's statement was not coercive.

Defendant has abandoned his remaining assignment of error. App. R. 28(a). For the reasons stated, in the trial we find

No error.

Judges JOHNSON and GREENE concur.