STATE v. McDONALD

[97 N.C. App. 322 (1990)]

———————————

STATE OF NORTH CAROLINA v. BILLY McDONALD

No. 8920SC534

(Filed 6 February 1990)

**Criminal Law § 566 (NCI4th) — driving while impaired — request for lower of two breathalyzer readings — mistrial denied — no abuse of discretion**

The trial court did not abuse its discretion by denying defendant's motion for a mistrial in a prosecution for driving while impaired where the prosecutor asked a witness to state the lower of the two breathalyzer readings. Assuming that the question was improper, the trial court promptly took appropriate corrective measures by sustaining defendant's objection to the form of the question and instructing the jury to disregard it. N.C.G.S. § 20-139.1(b3).

**Am Jur 2d, Automobiles and Highway Traffic § 307; Criminal Law §§ 291, 294.**

APPEAL by defendant from *Freeman, William H., Judge*. Judgment entered 16 March 1989 in RICHMOND County Superior Court. Heard in the Court of Appeals 16 January 1990.

Defendant was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1. Following conviction in the district court, defendant appealed to the superior court. At trial, the State sought to introduce evidence of a breathalyzer test administered

STATE v. McDONALD

[97 N.C. App. 322 (1990)]

to defendant by Trooper D. S. Newton. The record reveals the following pertinent exchange between the prosecutor and Trooper Newton:

Q: After you finished preparing the [breathalyzer] instrument did the defendant furnish breath samples to be tested?

A: Yes[.]

Q: How many samples did the defendant furnish?

A: Two.

. . .

Q: [D]id you analyze each to determine the alcohol concentration of the defendant's body?

A: Yes[.]

Q: And would you state what the lower of the two readings showed the defendant's alcohol concentration to be?

Defendant then objected and, out of the jury's presence, moved for a mistrial. The court sustained defendant's objection as to the form of the question, but denied defendant's motion for mistrial. When the jury returned, Judge Freeman instructed them to disregard the question regarding the lower of the two breathalyzer readings. The prosecutor then rephrased the question as follows:

Q: Trooper Newton, what was the result of the breathalyzer test?

A: Point ten.

The jury returned a verdict of guilty and the court sentenced defendant to sixty days' imprisonment, suspended, and imposed a fine of $100.00. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for defendant-appellant.*

WELLS, Judge.

Defendant brings forward a single assignment of error challenging the trial court's denial of his motion for mistrial. Defendant argues that the State's question regarding the lower result of the two breathalyzer tests improperly suggested to the jury that there

was a test result higher than the result introduced into evidence. We find no error.

N.C. Gen. Stat. § 20-139.1(b3) governs the admissibility of breathalyzer test results. It provides in pertinent part that duplicate sequential breath samples be taken and:

> (2) That the test results may only be used to prove a person's particular alcohol concentration if:
>
> > a. The pair of readings employed are from consecutively administered tests; and
> >
> > b. The readings do not differ from each other by an alcohol concentration greater than 0.02.
>
> (3) That when a pair of analyses meets the requirements of subdivision (2), only the lower of the two readings may be used by the State as proof of a person's alcohol concentration in any court . . . proceeding.

A trial court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings . . . resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061. It is well established, however, that the decision as to whether such prejudice has occurred within the meaning of the statute is addressed to the sound discretion of the trial judge. *State v. Green*, 95 N.C. App. 558, 383 S.E.2d 419 (1989) (and cases cited therein). Consequently, a trial court's ruling on a motion for mistrial may not be disturbed on appeal absent an abuse of discretion. *Id.*

Applying these standards to the present case, we conclude that defendant has failed to demonstrate error. Assuming *arguendo* that the prosecutor's question regarding the lower of the two breathalyzer test results was improper, the trial court promptly took appropriate corrective measures by sustaining defendant's objection as to the form of the question and instructing the jury to disregard it. Such measures were sufficient to cure any possible prejudice resulting from the prosecutor's question. *See State v. Pruitt*, 301 N.C. 683, 273 S.E.2d 264 (1981). We therefore conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.