STATE OF NORTH CAROLINA v. DOUGLAS DALE DICK

No. COA96-766

(Filed 20 May 1997)

1. **Evidence and Witnesses § 2330 (NCI4th)— medical expert—opinion testimony—sexual mistreatment of child**

A medical expert was properly permitted to state her opinion that it was very likely that a child had been sexually mistreated where the expert's testimony about abnormalities in the child's hymen showed that she based her opinion on her examination of the child and her expert knowledge concerning the abuse of chil-

STATE v. DICK

[126 N.C. App. 312 (1997)]

dren in general and not on her personal belief that the child was telling the truth. N.C.G.S. § 8C-1, Rule 702.

**Am Jur 2d, Expert and Opinion Evidence § 196.**

2. **Evidence and Witnesses § 2332 (NCI4th)—social worker—expert testimony—reason for delay in reporting sexual abuse—opening door**

An expert clinical social worker's opinion that a child waited two years to make accusations of sexual abuse by her stepfather because she waited until she was in a safe place in Ohio with her biological father was not inadmissible expert testimony on the credibility of the victim but was properly admitted as specialized knowledge helpful to the jury. Furthermore, defendant opened the door to this testimony by cross-examining the victim regarding the delay in reporting the sexual abuse.

**Am Jur 2d, Expert and Opinion Evidence § 196.**

3. **Rape and Allied Offenses § 106 (NCI4th)— sexual penetration—minor victim—motion to dismiss charges—first-degree sexual offense—trial record**

There was sufficient evidence of penetration to preclude dismissal of a charge of first-degree sexual offense against a child where (1) the child testified that defendant put his finger up her "front private part," touched her "front private part" with his tongue, and tried to get his "front private part" in her "front private" and "back private"; (2) the state introduced anatomical drawings on which the child had marked what she had meant by "front private part" and "back private part"; (3) there was medical evidence that the victim's vagina was penetrated; and (4) there was corroborative evidence by a police officer, social worker, and the victim's foster mother who testified about statements made to them by the victim and behavior patterns exhibited by the victim that are often found in sexually abused children.

**Am Jur 2d, Rape §§ 88 et seq.**

**Sufficiency of allegations or evidence of serious bodily injury to support charge of aggravated degree of rape, sodomy, or other sexual abuse. 25 ALR4th 1213.**

Appeal by defendant from judgments entered 2 February 1996 by Judge James E. Ragan, III in Dare County Superior Court. Heard in the Court of Appeals 27 February 1997.

STATE v. DICK

[126 N.C. App. 312 (1997)]

*Michael F. Easley, Attorney General, by Gail M. Manthei, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

WYNN, Judge.

On 29 January 1996, the State of North Carolina tried defendant Douglas Dale Dick for one count of first degree sexual offense, one count of first degree rape, one count of taking indecent liberties with a minor, one count of incest, and one count of crime against nature.

At his trial, defendant's nine year old step-daughter (hereinafter referred to as "H.R.") testified that defendant "bad touched" her on several occasions around November 1992. She first made this accusation two years after the alleged incident, while living in Ohio with her biological father.

The jury convicted defendant of one count of second degree sexual offense and one count of taking indecent liberties with a minor resulting in respective consecutive sentences of thirty and seven years imprisonment. Defendant appeals to this Court contending that the trial court erred by: (I) Allowing medical expert opinion evidence that H.R. had been sexually abused; (II) Allowing clinical social worker opinion evidence as to why H.R. waited two years to make her accusations; and (III) Denying his motion to dismiss the sexual offense charge because there was insufficient evidence of vaginal penetration, anal penetration or cunnilingus. We find no prejudicial error in defendant's trial.

---

I.

[1] Defendant first argues that the trial court improperly admitted, under N.C. Gen. Stat. § 8C-1, Rule 702 (1992), medical expert opinion evidence that H.R. had been sexually abused. We disagree.

Rule 702 provides in pertinent part that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

**STATE v. DICK**

[126 N.C. App. 312 (1997)]

Dr. Patience Stevens, qualified at trial as an expert in pediatrics without objection, testified that during H.R.'s initial examination in April 1995, the child revealed that she had been "bad touched" by defendant two years earlier on both her front and back "private parts." Based upon the child's statements and her clinical findings that H.R.'s hymen appeared thickened and rolled, Dr. Stevens opined, over defendant's objection, that "it was very likely that [H.R.] had been sexually mistreated."

Defendant contends that Dr. Stevens impermissibly based her opinion on her personal belief that the child was being truthful in explaining her physical condition. To be sure, "[o]ur appellate courts have consistently held that the testimony of an expert to the effect that a prosecuting witness is believable, credible, or telling the truth is inadmissible evidence." *State v. Bailey*, 89 N.C. App. 212, 219, 365 S.E.2d 651, 655 (1988). However, it is also well-settled that testimony based on the witness's examination of the child witness and expert knowledge concerning the abuse of children in general is not objectionable because it supports the credibility of the witness or states an opinion that abuse has occurred. *State v. Reeder*, 105 N.C. App. 343, 349-50, 413 S.E.2d 580, 583, *disc. review denied*, 331 N.C. 290, 417 S.E.2d 68 (1992); *State v. Speller*, 102 N.C. App. 697, 701, 404 S.E.2d 15, 17, *appeal dismissed and disc. review denied*, 329 N.C. 503, 407 S.E.2d 548 (1991); *State v. Bailey*, 89 N.C. App. at 217-18, 365 S.E.2d at 654-55.

Under the facts of this case, the prior decisions of *State v. Trent*, 320 N.C. 610, 359 S.E.2d 463 (1987) and *State v. Parker*, 111 N.C. App. 359, 432 S.E.2d 705 (1993) are distinguishable. In both cases, the Courts found that since the experts found no clinical evidence that would support a diagnosis of sexual abuse, their opinions that sexual abuse had occurred merely attested to the truthfulness of the child witness. However, in the subject case, Dr. Stevens testified that the thickening of H.R.'s hymen was different from the paper-thin appearance that one expects to see in a prepubertal child. Further, she testified that based on her training and experience, this type of abnormality was caused by a foreign object, such as a penis or finger, going through the vaginal introitus. Moreover, while Dr. Stevens initially stated that her opinion was based on the physical examination *and* H.R.'s testimony, she clarified on cross-examination that she could have come to the same conclusion even without H.R.'s testimony because hymenal injuries, such as H.R.'s, are generally not considered to be from straddle or accidental injuries and that it was very

unlikely that H.R. caused the injury to herself because masturbation by children is usually to the clitoral area and not to the vaginal area. Thus, this evidence shows that Dr. Stevens' testimony was based on her examination of H.R. and her expert knowledge concerning the abuse of children in general and not on her personal belief that H.R. was telling the truth.

We further find it distinctive that Dr. Stevens did not state that H.R. *had* been sexually abused as defendant contends, but rather, that abuse was *very likely*, thereby indicating that her medical findings were not conclusive of abuse. Accordingly, we find that the trial court did not err in allowing said testimony under Rule 702 because the doctor was in a better position than the jury to understand the significance of her medical findings.

## II.

[2] Defendant next objects to the admission of Jessica Heyder's (qualified by the court as an expert in "clinical social work") opinion as to why H.R. waited two years to make her accusations. At Ms. Heyder's initial evaluation of H.R. in April 1993, H.R. did not indicate to her that she had been sexually abused. Nevertheless, Ms. Heyder testified that she saw behavior patterns in H.R. that sometimes show up in children believed to have been sexually abused. For example, Ms. Heyder stated that whenever she tried to discuss defendant with H.R., she would curl up into a fetal position and refuse to talk. Over objection, Ms. Heyder offered the following explanation as to why H.R. did not make allegations of abuse until 1995, when she was in Ohio with her biological father: "I predicted that . . . [w]hen she got to a safe place, if she was going to disclose, she would disclose when she felt safe." Defendant contends that this was inadmissible testimony by an expert witness on the credibility of the victim. We disagree.

In *State v. Bowman*, 84 N.C. App. 238, 352 S.E.2d 437 (1987), this Court held that a physician was properly permitted to testify as to why a child might delay reporting an incident of sexual abuse. The Court found that the testimony was based upon the physician's knowledge, skill, experience, training and education and that, furthermore, the defendant had opened the door to this testimony by cross-examining the victim regarding the delay in the report. *See also State v. Bailey*, 89 N.C. App. 212, 365 S.E.2d 651 (testimony of social worker as to why child would go into barn alone with defendant who had been abusing her held properly admitted).

In the instant case, we find Ms. Heyder's testimony was offered by the State to explain the victim's delay in reporting the crime and is admissible under *Bowman* as specialized knowledge, helpful to the jury. Furthermore, defendant cross-examined H.R. on the fact that she had not revealed the abuse to any adults for two years, thereby opening the door to testimony that would corroborate her credibility. Thus, we find this objection to be without merit.

III.

[3] Finally, defendant contends the trial court should have granted his motion to dismiss the charge of sexual offense because there was insufficient evidence of vaginal penetration, anal penetration or cunnilingus. We disagree.

For a charge of sexual offense to withstand a motion to dismiss for insufficient evidence, there must be evidence of anal or genital penetration by any object. N.C. Gen. Stat. § 14-27.5 (1993). *See also State v. Lucas*, 302 N.C. 342, 275 S.E.2d 433 (1981). In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence. *State v. Green*, 95 N.C. App. 558, 562, 383 S.E.2d 419, 421 (1989).

In *Green*, the seven year old prosecuting witness answered affirmatively when asked if defendant had "put his private parts in [her] private parts." The victim also answered affirmatively when asked if defendant had "put his private parts in [her] mouth" and if defendant had "lick[ed her] private parts." The State then presented corroborative evidence from the child's mother, a police detective and a doctor who testified that the findings from his physical examination were "compatible with penile penetration." *Id.* at 563, 383 S.E.2d at 422. Based on this evidence, this Court upheld the trial court's denial of defendant's motion to dismiss.

Likewise, in *State v. Estes*, 99 N.C. App. 312, 393 S.E.2d 158 (1990), this Court held that a child's testimony that defendant "stuck his thing" in the "back and front" of her, notwithstanding the lack of any physical evidence or a demonstration by the victim on anatomically correct dolls as to what happened to her, was sufficient to withstand defendant's motion to dismiss because the victim further identified the "back of her" as where "I go number two."

As in *Green* and *Estes*, there was substantial evidence of penetration in the instant case to withstand defendant's motion to dismiss. The record shows H.R. testified that defendant put his finger up her "front private part," touched her "front private part" with his tongue, and tried to get his "front private part" in her "front private" and "back private." A social worker who had worked with H.R. introduced anatomical drawings on which H.R. had marked what she meant by "front private part" and "back private part." There was also medical evidence of penetration of her vagina, and corroborative evidence by a police officer, social workers and H.R.'s foster mother who testified about statements made to them by H.R. and behavior patterns exhibited by her that are often found in sexually abused children. Therefore, viewed in the light most favorable to the State, defendant's motion to dismiss was properly denied.

We have considered defendant's final assignment of error and after carefully reviewing the record, we find that it is without merit.

For the forgoing reasons, we find that defendant received a trial free from prejudicial error.

No error.

Judges LEWIS and MARTIN, Mark concur.