STEELMAN, Judge.
Defendant, Clarence Henry Daniels, Jr., was charged with obtaining property by false pretenses. The evidence presented at trial tends to show the following: On 3 May 2001, defendant opened a business account in the name of Clarence Daniels, Jr. d/b/a Frosty, Inc. at BB&T Bank in Forest City, North Carolina. The bank mailed defendant an ATM debit card to the address listed on the account, so that he could access the business account, but it was returned to the bank as undeliverable. A second ATM debit card was then mailed to defendant. During the month of June 2001, two envelopes claiming to contain $600.00 each, were deposited in the ATM machine on the business account of Frosty, Inc. When BB&Tpersonnel opened the deposit envelopes, the envelopes were empty. Withdrawals were made from this account totaling $1,200.00; however, only $419.62 was available in the account. BB&T collected the $419.62, but lost $780.38 as a result of the false deposits. An employee with BB&T attempted to contact defendant at the phone number he gave the bank when opening the account, but found that the person answering that number did not know defendant.
In September 2001, the Forest City Police Department contacted Jeffrey Adams, a special agent with the United States Secret Service, regarding four individuals who were attempting to defraud the bank in Forest City. Defendant was one of the individuals whom Special Agent Adams interviewed at the request of the Forest City Police Department. After waiving his Miranda rights, defendant admitted to opening checking accounts with two other associates beginning in May 2001. Defendant stated that he would obtain the ATM cards attached to the checking accounts and deposit cash into the accounts through the ATM machines. The person who opened the checking account would then make purchases with the bank card. Defendant stated that he would withdraw all the cash originally deposited at the ATM machine before the merchandise purchases were debited from the checking account. Three associates of defendant testified about their involvement with defendant's banking schemes committed at other banks. Defendant estimated that his entire checking account scheme involved approximately $75,000.00. However, defendant, did not specifically admit to the $1,200.00 fraudulent deposits at the Forest City BB&T. Defendant moved to dismiss the charge at the close of the State's evidence and at the close of all the evidence. The trial court denied both motions. A jury found defendant guilty as charged. The trial court sentenced defendant to eleven to fourteen months imprisonment. Defendant appeals.
In his sole assignment of error, defendant contends the trial court erred by denying his motion to dismiss based on insufficiency of the evidence. "In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence." State v. Dick, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91, disc. review denied, 346 N.C. 551, 488 S.E.2d 813 (1997). To survive a defendant's motion to dismiss for insufficient evidence, the State must offer substantial evidence of every element of the crime. State v. Bethea, 156 N.C. App. 167, 170-71, 575 S.E.2d 831, 834 (2003). The elements of obtaining property by false pretenses are: "(1) a false representation of a past or subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which the defendant obtains or attempts to obtain anything of value from another person." State v. Compton, 90 N.C. App. 101, 103, 367 S.E.2d 353, 354 (1988).
Taken in the light most favorable to the State, there was competent evidence tending to show that defendant was instrumental in creating a fictional business account at a bank for the purposeof withdrawing more money than was deposited in the account. Specifically, the evidence presented showed: (1) defendant opened a business account in the name Charles Daniels, Jr. d/b/a Frosty, Inc. at the BB&T in Forest City, North Carolina; (2) defendant withdrew $1200.00 from this account for which he knew there were insufficient funds in the account to cover the amounts of the withdrawal; and (3) a bank employee was unable to locate defendant at the phone number he had given the bank when opening the business account. More importantly, there is no evidence in the record to suggest any legitimate business purpose for defendant having opened an account in the name of Frosty, Inc. These facts allow a reasonable inference that defendant had no intention of using the business account for a legitimate purpose, which is adequate to support the conclusion that BB&T was in fact deceived. Accordingly, the trial court properly denied defendant's motion to dismiss.
NO ERROR.
Judges HUDSON and THORNBURG concur.
Report per Rule 30(e).