An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-648

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Buncombe County |
|  | No. 12 CRS 325 |

TAMATHA SUE BROCK,
　　Defendant.

Appeal by defendant from judgment entered 23 January 2013 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 11 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Torrey D. Dixon, for the State.*

> *James N. Freeman, Jr., for defendant-appellant.*

BRYANT, Judge.

Where the jury indicated it was deadlocked and the trial court reinstructed the jury pursuant to N.C. Gen. Stat. § 15A-1235 by asking them to continue deliberating towards a verdict, such reinstruction was proper and not coercive.

On 6 February 2013, defendant Tamatha Sue Brock ("defendant") went to the Jim Barkley Toyota dealership in Asheville and asked to test drive a Prius. The dealership gave defendant a permit to test drive the vehicle for one hour, from 1:00 p.m. to 2:00 p.m., that afternoon. After defendant failed to return the vehicle by 5:00 p.m. that afternoon, the dealership reported the vehicle stolen.

On 7 February 2012, defendant was stopped by Trooper Kenneth L. Riggle of the Pennsylvania State Police Department and arrested for driving a stolen vehicle. Defendant spent three days in a Pennsylvania jail before being transferred back to North Carolina.

On 9 July 2012, defendant was indicted by a Buncombe County grand jury for one count of obtaining property by false pretenses. On 23 January 2013, a jury found defendant guilty of obtaining property by false pretenses. Defendant was sentenced to eight to nineteen months in prison with a suspended sentence of thirty months. Defendant appeals.

_____

On appeal, defendant argues that the trial court erred in charging the jury improperly. We disagree.

> The trial judge has no right to coerce
> a verdict or in any way to intimidate a

> jury. A charge which might be reasonably construed by a juror as requiring him to surrender his well-founded convictions or his own will or judgment to the views of the majority is erroneous.

*State v. Cousin*, 292 N.C. 461, 464, 233 S.E.2d 554, 556—57 (1977) (citations omitted). "In deciding whether the court's instructions forced a verdict or merely served as a catalyst for further deliberation, an appellate court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury." *State v. Alston*, 294 N.C. 577, 593, 243 S.E.2d 354, 364—65 (1978) (citations omitted). We review a trial court's reinstructing of a jury *de novo*. *State v. Gettys*, ___ N.C. App. ___, ___, 724 S.E.2d 579, 586 (2012).

> [T]he right to a unanimous jury verdict is fundamental to our system of justice. Furthermore, the proper standard of review for an alleged error that violates a defendant's right to a unanimous jury verdict . . . is harmless error, under which the State bears the burden of showing that the error was harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if it did not contribute to the defendant's conviction.

*State v. Gillikin*, ___ N.C. App. ___, ___, 719 S.E.2d 164, 168 (2011) (citations, quotations, and bracket omitted).

Defendant argues that the trial court improperly instructed the jury after the jury indicated that it had deadlocked by giving coercive instructions. North Carolina General Statutes, section 15A-1235 sets forth a non-coercive jury charge as established by our United States Supreme Court in *Allen v. United States*, 164 U.S. 492 (1896):

> (a) Before the jury retires for deliberation, the judge must give an instruction which informs the jury that in order to return a verdict, all 12 jurors must agree to a verdict of guilty or not guilty.
>
> (b) Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:
>
> > (1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
> >
> > (2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;
> >
> > (3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and
> >
> > (4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or

> for the mere purpose of returning a verdict.
>
> (c) If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b).

N.C. Gen. Stat. § 15A-1235(a)—(c) (2011).

Where a jury has deadlocked during deliberations, our Supreme Court has held that N.C.G.S. § 15A-1235 is "the proper reference for standards applicable to charges which may be given a jury that is apparently unable to agree upon a verdict." *State v. Easterling*, 300 N.C. 594, 608, 268 S.E.2d 800, 809 (1980) (citation omitted). "It is clearly within the sound discretion of the trial judge as to whether to give an instruction pursuant to N.C.G.S. § 15A-1235(c)." *State v. Williams*, 315 N.C. 310, 326—27, 338 S.E.2d 75, 85 (1986).

> [I]n situations where the trial court perceives the jury may be deadlocked or may be having some difficulty reaching unanimity, and the trial court in its discretion gives further instruction, no "clear violation" of the statute will be found to exist as long as the trial court gives the substance of the four instructions found in N.C.G.S. § 15A-1235(b).

*State v. Fernandez*, 346 N.C. 1, 23, 484 S.E.2d 350, 364 (1997).

Here, after deliberating two hours and eighteen minutes, the jurors sent a note to the trial court which stated "[a]t this time we are unable to come to a unanimous decision. Right now we are at 7 guilty – 5 not guilty and neither sides are budging." After consulting with counsel for both sides, the trial court brought the jury back to the court room for reinstruction:

> Members of the jury, I have read your note and I have read it to the attorneys concerning at this time you are unable to come to a unanimous decision and neither sides are budging.
>
> I appreciate the attention you have given to this case. I am not going to stop the deliberations just yet. On the other hand, I am not going to ask you to come back tomorrow. We are going to finish this one way or another today.
>
> As jurors, and as reasonable people of this community, you are to take the necessary steps to resolve this dispute. That's what you're here for. You shouldn't hesitate to reconsider your position and just to sit back and listen to what other jurors are saying. But on the other hand, if you have an honest conviction one way or the other about this, you are not required to surrender that. That is just as important.
>
> So I am going to ask you to resume your deliberations, and after a particular period of time, I will see what happens and what we need to do. So please resume your deliberations.

After the jury deliberated for another forty-five minutes the trial court, after consulting with counsel, called the jury back at 4:18 p.m. and stated "I want to ask you if the jury continues deliberations today, do you believe there's a reasonable probability that progress would be made in resolving the issues you need to resolve?" After the jury's foreperson answered in the affirmative, the trial court sent the jury back for further deliberations; the jury returned a unanimous verdict at 4:44 p.m.

Defendant contends that the trial court's reinstructions were improper because the trial court failed to tell the jury that it was to take the necessary steps to resolve their dispute "without violence to individual judgment." We find defendant's contention to lack merit, as the trial court's reinstruction clearly gave "the substance of the four instructions found in N.C.G.S. § 15A-1235(b)." *Fernandez*, 346 N.C. at 23, 484 S.E.2d at 364. Although the trial court did not repeat the language of N.C.G.S. § 15A-1235(b) verbatim, it did provide the appropriate substance of the statute by telling jurors that "[a]s jurors, and as reasonable people of this community, you are to take the necessary steps to resolve this dispute"; "[y]ou shouldn't hesitate to reconsider your position and just to sit

back and listen to what other jurors are saying"; "if you have an honest conviction one way or the other about this, you are not required to surrender that. That is just as important." As such, the trial court reinstructed the jury in a way that comports with the substance of N.C.G.S. § 15A-1235(b). *See id.* (holding that the reinstructions "fairly apprised the jurors of their duty to reach a consensus after open-minded debate and examination without sacrificing their individually held convictions merely for the sake of returning a verdict").

Defendant further argues that the trial court's reinstructions were erroneous because of the trial court's "added language." Specifically, defendant points to the trial court's statements that "I am not going to ask you to come back tomorrow. We are going to finish this one way or another today[]" as coercive because such statements, without mention of the possibility of a mistrial, made jurors believe that they had to return a verdict. Defendant's argument lacks merit. In considering the totality of circumstances in which a trial court has given its reinstructions, this Court has held that a trial court's reinstructions were not coercive where a jury was asked to continue its deliberations in the hope that the deadlock might be resolved. *See State v. Lee*, ___ N.C. App. ___, 720

S.E.2d 884 (2012) (holding that the trial court's reinstructions did not violate N.C.G.S. § 15A-1235 despite the trial court telling the jury to call and let anyone know that they would be delayed because "we are going to stay here this evening with a view towards reaching a unanimous verdict"); *State v. Swinson*, No. COA11-557, 2012 N.C. App. LEXIS 162 (N.C. Ct. App. Feb. 7, 2012) (holding that the trial court's reinstruction that "Ladies and gentlemen, I must emphasis [sic] the fact that it is your duty to do whatever you can to reach a verdict . . . . Now please return to the jury room and resume your deliberations and see if you can reach a verdict[]" did not violate N.C.G.S. § 15A-1235); *State v. Green*, 95 N.C. App. 558, 383 S.E.2d 419 (1989) (holding that the trial court's reinstruction to the jury that "'[y]ou all may retire to the Jury room and make up your verdict[]' . . . merely served as a catalyst for further deliberation" and was not coercive).

Here, the trial court did not did not coerce the jury to produce a verdict, but rather asked the jury to continue its deliberations. As such, the trial court's reinstruction "merely served as a catalyst for further deliberation." As we find the trial court did not err in its reinstruction of the jury, defendant's argument is overruled.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).