STATE OF NORTH CAROLINA v. RANDY LAMONT JARRELL

No. COA98-691

(Filed 18 May 1999)

**1. Rape— sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss charges of first-degree rape of an eight-year-old child at the close of the State's evidence. Contradictions and discrepancies in the evidence are for the jury to resolve.

**2. Discovery— letter written by defendant—defendant not permitted to inspect and copy—letter not in possession of State**

The trial court did not err in a prosecution for the first-degree rape of an eight-year-old child by allowing testimony concerning a letter written by defendant to the victim's mother where defendant contended that the use of the letter violated N.C.G.S. § 15A-903, which states that the defendant must be permitted to inspect and copy any relevant written statement made by defendant in the possession, custody, or control of the State. The letter was never in the State's possession and defendant made no showing that the mother destroyed the letter in bad faith. Other testimony about the letter only corroborated the mother's testimony.

**3. Discovery— rape—slides from medical examination—discovered during trial**

The trial court did not err in a prosecution for the first-degree rape of an eight-year-old child by admitting slides depicting the medical examination of the victim even though the slides had not been provided in response to defendant's discovery request. The State did not know about the slides until defendant elicited the information from a doctor during cross-examination and the court permitted defendant to view the slides during a break.

**4. Indictment and Information— statutory rape—date of offenses—bill of particulars denied**

The trial court did not err in a prosecution for taking indecent liberties and statutory rape by denying defendant's motion for a bill of particulars as to the dates of the offenses where the indictments alleged that the rapes were "on or about December, 1995," "on or about January 1996," and "on or between February 1 and

STATE v. JARRELL

[133 N.C. App. 264 (1999)]

14, 1996." The indictments listed the month and year that each offense was alleged to have occurred and sufficiently complied with N.C.G.S. § 15A-924(a)(4) by charging that the offense occurred during a designated period of time.

Appeal by defendant from judgment entered 2 February 1998 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 18 March 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth F. Parsons, for the State.*

*Chut & Chut, P.A., by Mercedes O. Chut, for defendant-appellant.*

WALKER, Judge.

On 2 February 1998, defendant was convicted of taking indecent liberties with a child and two counts of first-degree statutory rape. The trial court consolidated the indecent liberties conviction with one of the first-degree statutory rape convictions and imposed a minimum term of 307 months and a maximum term of 378 months in prison. For the remaining first-degree statutory rape conviction, the trial court imposed a minimum term of 307 months and a maximum term of 378 months to run consecutively.

The State's evidence tended to show the following: N.W. testified that she was now ten years old and in the fourth grade. Defendant was her mother's boyfriend who stayed at their house sometimes. She stated that there were times when she stayed alone with defendant in the house. After she turned eight years of age on 4 April 1995, defendant began sexually abusing her. N.W. described the area where defendant touched her as her "privacy." She illustrated her description by circling the area where defendant touched her on a female diagram with a marker. She described one incident where defendant touched her downstairs in the house while she was laying on the couch and her mother was upstairs taking a shower. She testified that defendant touched her underneath her clothes with his "privacy" which he put into her "privacy" and moved around. She also described a second incident where she was upstairs in her "night clothes" lying in her mother's bed when her mother was not home and defendant came up there. He pulled down his clothes and started to "feel" her with "his privacy." Then, he put his "privacy" into her "privacy" and kept doing it over and over again. Later, N.W. told her

mother what defendant had been doing to her and her mother told her not to tell anyone.

Deborah Wilson, N.W.'s mother, testified that she had dated defendant on and off for six years. Defendant lived with them between November 1995 and February 1996 and he often babysat N.W. She stated that N.W. told her what defendant was doing to her and that she called the police. Wilson also testified that she received a letter from defendant in July of 1996 in which he asked to be forgiven, but he did not specify for what he wanted to be forgiven. She showed the letter to Pam Watkins of the Guilford County Department of Social Services and then later threw it away.

Detective Mike J. Ledford testified that Wilson came to the police department on 19 February 1996 to report that her daughter had been sexually molested by her live-in boyfriend. He contacted Social Services and then arranged an interview with N.W. at her elementary school where she told him that defendant had touched her in "her privacy" a "whole lot of times." She told him that it happened both upstairs and downstairs at her mother's house. He also interviewed her a second time after he was informed by Social Services that N.W. had disclosed that penetration had occurred. He subsequently arrested defendant.

Watkins testified that she was assigned the case involving N.W. on 3 July 1996. N.W. told her that defendant would touch her underneath her clothes and digitally penetrate her and "mess" with her. N.W. also told her that she had trouble sleeping.

Kimberly Madden, a counselor who works with Dr. Angela Stanley at Moses Cone Hospital in the Child Evaluation Clinic, testified that she interviewed N.W. on 9 November 1996. N.W. indicated on a female diagram with a marker where defendant touched her and with what part of his body. N.W. indicated that defendant touched her on her genitals with his hands. N.W. told her that "it burned" when she went to the bathroom. N.W. had a very anxious demeanor throughout the interview and would suck her fingers and hang her head.

Dr. Angela Stanley, a pediatrician at Moses Cone Hospital who does evaluations of children who are suspected of being abused or neglected, testified that she performed a physical examination on N.W. on 9 September 1996 and also interviewed Wilson. She found that N.W. "had a lot of irregularities of her hymen." Her physical examination supported N.W.'s statements that she had been pene-

trated. After her examination, Dr. Stanley determined that it was "probable" and not "definite" that there was "a penetrating injury" although there was no complete disruption of the hymen or evidence of a sexually transmitted disease.

Defendant presented evidence which included his testimony and that of his sister and his girlfriend. Defendant's sister, Juana Massey, testified that as long as she had known N.W. she sucked her fingers and hung her head. Defendant's girlfriend, Sharon Terry, testified that after his arrest she permitted defendant to babysit her nine and ten-year-old daughters.

Defendant testified that he helped raise N.W. from the time she was five years old and that he did not touch her inappropriately. He said that N.W. loved him like a father.

On appeal, defendant contends that the trial court erred (1) in denying his motion to dismiss based on the insufficiency of the evidence; (2) in admitting testimony of Wilson and Dr. Stanley about the contents of a letter written by defendant; (3) in admitting slides depicting the medical examination of N.W.; (4) in denying defendant's motion for a bill of particulars; and (5) in admitting testimony by Dr. Stanley about statements made to her by Madden.

[1] First, defendant contends that the trial court erred in denying defendant's motion to dismiss at the close of the State's evidence. Defendant argues that the evidence presented was insufficient to support the charges of first-degree rape pursuant to N.C. Gen. Stat. § 14-27.2(a)(1) (Cum. Supp. 1998) which provides as follows:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim.

When considering a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference which may be drawn. *State v. Overton*, 60 N.C. App. 1, 26, 298 S.E.2d 695, 710 (1982), *appeal dismissed and disc. review denied*, 307 N.C. 580, 299 S.E.2d 652-53 (1983). The State is still "required to produce substantial evidence more than a scintilla to prove the allegations in the bill of indictment." *Id.*

**STATE v. JARRELL**

[133 N.C. App. 264 (1999)]

In reviewing the evidence in the light most favorable to the State, the record shows that there was substantial evidence in this case that defendant committed the crimes charged. N.W. gave testimony in which she described at least two separate incidents where defendant penetrated her with his penis and also touched her on her private parts. Testimony was also given by N.W.'s mother, as well as the police detective, social worker, and counselor, all of whom interviewed N.W. and relayed similar accounts as to what defendant had done to her. Furthermore, Dr. Stanley stated that based on her findings and observations, N.W.'s vagina had been penetrated on one or more occasions. In *State v. Green*, 95 N.C. App. 558, 562-63, 383 S.E.2d 419, 421-22 (1989), this Court held that a child's testimony along with corroborative evidence from the child's mother, a police detective and a doctor who testified that the findings from his physical examination were "compatible with penile penetration" was sufficient evidence to uphold the trial court's denial of defendant's motion to dismiss the first-degree rape charge. This Court came to the same conclusion in a similar case where the victim's testimony was supported by medical evidence of penetration and there was corroborating evidence by a police officer, social worker, and the victim's foster mother, who testified to statements made to them by the victim and her behavioral patterns. *State v. Dick*, 126 N.C. App. 312, 318, 485 S.E.2d 88, 91, *disc. review denied*, 346 N.C. 551, 488 S.E.2d 813 (1997).

Defendant argues that N.W.'s testimony was contradictory and that Dr. Stanley's testimony was ambivalent. However, contradictions and discrepancies in the evidence presented are for the jury to resolve and do not warrant a dismissal of a case. *State v. Spangler*, 314 N.C. 374, 383, 333 S.E.2d 722, 728 (1985). Defendant also contends that this case is similar to *State v. Whittemore*, 255 N.C. 583, 122 S.E.2d 396 (1961) and *State v. Robinson*, 310 N.C. 530, 313 S.E.2d 571 (1984), where our Supreme Court found that there was insufficient evidence to convict the defendant of the first-degree rape of a child. However, in *Whittemore*, 255 N.C. at 586, 122 S.E.2d at 398, the victim never testified as to actual penetration by the defendant and there was no medical evidence of such. In *Robinson*, 310 N.C. at 534, 313 S.E.2d at 574, the child never described an act of sexual intercourse and the medical evidence presented only stated that the vaginal injury in the child "could" have been caused by a male sex organ. Therefore, we find this assignment of error to be without merit.

[2] Next, defendant argues that the court erred in allowing testimony by Wilson and Dr. Stanley about the contents of a letter written by

defendant. Defendant contends this was in violation of N.C. Gen. Stat. § 15A-903 (1997), which states that the defendant must be permitted to inspect and copy or photograph any relevant written statement made by the defendant which is in the possession, custody, or control of the State.

Here, the letter received by Wilson was never in the State's possession. Wilson testified that she had destroyed the letter from defendant. Thus, the State did not violate N.C. Gen. Stat. § 15A-903(a)(1). Pursuant to N.C. Gen. Stat. § 8C-1, Rule 1004 (1992), an original of a document is not required as evidence of its contents if the original is lost or destroyed unless the proponent lost or destroyed it in bad faith. The defendant made no showing that Wilson destroyed the letter in bad faith.

In addition, defendant argues that the trial court should not have allowed testimony about the letter because its prejudicial effect outweighed its probative value pursuant to N.C.R. Evid. 403. The determination of whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court. *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986). The trial court's decision will not be disturbed absent a showing of a manifest abuse of discretion. *State v. Smith*, 130 N.C. App. 71, 76, 502 S.E.2d 390, 394 (1998). The defendant has failed to show that the trial court abused its discretion in admitting testimony concerning the letter as there is no evidence that any prejudicial effect the letter may have had was outweighed by its probative value.

Defendant objects to Dr. Stanley's testimony concerning the contents of the letter as being inadmissible hearsay. Defendant also contends that if it were admitted, the trial court should have given a limiting instruction that it could only be used for corroborative purposes. A trial court's ruling as it relates to an evidentiary point will be presumed to be correct unless the appealing party can show that the particular ruling was incorrect. *State v. Herring*, 322 N.C. 733, 749, 370 S.E.2d 363, 373 (1988). Even if the appealing party can show that the trial court erred, relief will ordinarily not be granted unless there is a showing of prejudice. *Id.* The erroneous admission of hearsay, like the erroneous admission of any other evidence, "is not always so prejudicial as to require a new trial." *State v. Ramey*, 318 N.C. 457, 470, 349 S.E.2d 566, 574 (1986).

Here, even if it is assumed *arguendo* that allowing Dr. Stanley to testify as to the contents of the letter was erroneous, the defendant

has not shown how it was prejudicial. Testimony as to the content of the letter was properly admitted when Wilson testified. Dr. Stanley only corroborated Wilson's testimony. Therefore, we find this assignment of error to be without merit.

[3] Next, defendant argues that the trial court erred in admitting slides depicting the medical examination of N.W. Defendant contends that because the slides may have contained exculpatory information, the State violated a constitutional duty by not allowing defendant to examine them before trial. The record shows the State did not know about the slides until defendant elicited this fact from Dr. Stanley in his cross-examination of her when she revealed that she had photographic slides made during N.W.'s examination. Prior to allowing the State to question Dr. Stanley on redirect about the slides, the trial court heard arguments from defendant that the slides had not been provided in response to his discovery request. The State indicated it was not aware of the existence of the slides until Dr. Stanley's testimony. The trial court then permitted the defendant to view the slides during the break.

On a defendant's motion, the results of physical examinations "within the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may be known to the prosecutor" are required to be disclosed. N.C. Gen. Stat. § 15A-903(e) (1997). Since the State was unaware of the existence of the slides and the fact that defendant was permitted to view them prior to the conclusion of the evidence, we conclude the trial court did not err.

[4] Defendant next argues that the trial court erred in denying defendant's motion for a bill of particulars. Defendant contends that the identification of the dates of the offenses on the indictments was not precise enough and thereby violated N.C. Gen. Stat. § 15A-924(a)(4). The dates on the three indictments for statutory rape were "on or about December, 1995," on or about January 1996," and "on or between February 1 and 14, 1996." Whether or not to grant a motion for a bill of particulars is within the discretion of the trial court and its denial of the motion will be reversed only on a showing of an abuse of discretion. *State v. Cameron*, 283 N.C. 191, 194, 195 S.E.2d 481, 483 (1973).

According to N.C. Gen. Stat. § 15A-924(a)(4) (1997), a criminal pleading must contain:

A statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time. Error as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the change and the error or omission did not mislead the defendant to his prejudice.

Our Supreme Court has held that in cases involving sexual abuse of children that "in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence." *State v. Wood*, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984). The failure to state a definite time for the offense will not result in a nonsuit "when there is sufficient evidence that defendant committed each essential act of the offense." *Id.* This Court recently held that the indictments were sufficiently specific pursuant to N.C. Gen. Stat. § 15A-924(a)(4) where the date of the offenses of first-degree statutory sexual offense of a female child under 13 and taking indecent liberties with a child was "January 1, 1994 through September 12, 1994." *State v. Blackmon*, 130 N.C. App. 692, 696-97, 507 S.E.2d 42, 44-46, *cert. denied*, 349 N.C. 531, ——, S.E.2d ——, —— (1998). Here, defendant's indictments listed the month and year that each offense was alleged to have occurred. We conclude these indictments sufficiently comply with N.C. Gen. Stat. § 15A-924(a)(4) by charging the offense occurred during a designated period of time. Thus, we find this assignment of error to be without merit.

We have carefully reviewed defendant's remaining assignment of error and find it to be without merit. The defendant received a fair trial free of prejudicial error.

No error.

Judges JOHN and McGEE concur.