STATE OF NORTH CAROLINA v. JAMES WILSON, JR.

No. COA01-1485

(Filed 17 December 2002)

**1. Search and Seizure— photographs of defendant's shoes— defendant in custody—nontestimonial identification order not required**

Photographs of defendant's shoes taken without a nontestimonial identification order were admissible because defendant was in custody on another offense when the photographs were taken.

**2. Search and Seizure— photographs of defendant's shoes— defendant in custody—warrant not required**

A defendant's constitutional rights were not violated by an officer taking photographs of defendant's shoes without a search warrant because defendant was in custody at the time.

**3. Larceny— from person—reaching into cash register**

There was sufficient evidence of larceny from the person where defendant reached into cash registers and removed money which was in the immediate presence and protection of the cashiers, sometimes grabbing or touching the cashier's hands. Discrepancies in identification testimony were for the jury to resolve.

**4. Larceny— from the person—instruction on misdemeanor— no evidence of lesser offense**

The trial court did not err in a prosecution for larceny from the person by not charging on misdemeanor larceny because all of the evidence supports the charged offense and there was no evidence of the lesser offense.

Appeal by defendant from judgments entered 16 May 2001 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 14 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Meredith Jo Alcoke, for the State.*

*Lisa S. Costner for defendant-appellant.*

THOMAS, Judge.

Defendant, James Wilson, Jr., was convicted of seven charges of larceny from the person and pled guilty to being an habitual felon. He was sentenced to five consecutive terms of imprisonment, each running a minimum of 125 months with a maximum of 159 months. He now appeals.

By three assignments of error, defendant contends the trial court erred by (1) denying his motion to suppress two photographs taken of his shoes while he was in custody at the Forsyth County Jail; (2) denying his motions to dismiss the larceny from the person charges for insufficiency of the evidence; and (3) failing to instruct the jury on the lesser included offense of misdemeanor larceny. For the reasons herein, we find no error.

Defendant was initially charged with six counts of common law robbery and one count of larceny from the person. Prior to trial, the State elected to proceed on seven larceny from the person charges.

Defendant moved to suppress from evidence two photographs of his shoes. While defendant was in the Forsyth County Jail on an unrelated charge, a law enforcement officer investigating one of these charges took the photographs. Defendant, who had been appointed counsel in the unrelated matter, but not the instant cases because these charges had not yet been brought, requested that his attorney be present. The attorney was not contacted by law enforcement, however, and the photographs were taken.

Defendant argued to the trial court that his motion to suppress should be allowed because the photographs were taken (1) without a search warrant or court order, and (2) in violation of his right to counsel.

The trial court entered the following ruling:

> The Court, after review of the statutory and case law, will deny the motion by the defense to suppress the use of the photographs taken on June the 4th based on case law. The Court would just further find that the motion is not supported by affidavit but in this Court's mind it was clear that the motion should be denied. That the taking of the photographs was certainly authorized in this case and will allow the State to use the photographs taken on June 4th.

The State also presented evidence as to each of the seven alleged instances of larceny which took place in January, February, and March 2000. The State's evidence tends to show, on each occasion, defendant entered a store [Mailbox Pack and Ship, Big Lots (three occasions), K-Mart, Frauenhofer's Ice Cream and Christie's Hallmark], and posed as a customer. He approached the cashier about making a purchase or receiving change for a dollar. When the cashier opened the cash register, defendant forcefully reached into it and removed money, sometimes grabbing the hand of the cashier in the process. Defendant was positively identified as the perpetrator in each case by one or a combination of the following: identification in open court; identification in a photo lineup; identification in a store security video; identification of defendant's vehicle leaving the scene; identification of the shoes worn by defendant during the commission of the crimes.

Defendant's evidence, meanwhile, shows he was employed as an assistant manager for Goodwill Industries and was responsible for transporting other Goodwill employees. Goodwill's records indicate defendant worked on-site both February 22 and March 8, days on which two of the alleged offenses occurred. Defendant's evidence also tends to show the following: (1) fingerprints lifted from one of the crime scenes did not match defendant's; (2) in February 2000, defendant had an eye infection; (3) the victimized cashier at K-Mart was later charged and pled guilty to larceny from K-Mart; and (4) numerous witnesses had trouble identifying defendant in initial photo lineups.

[1] Defendant first contends the trial court erred by denying his motion to suppress the photographs of his shoes because the officer did not obtain a nontestimonial identification order pursuant to Chapter 15A, Article 14 of the North Carolina General Statutes prior to taking the photographs. We disagree.

"A nontestimonial identification order . . . is an investigative tool available in cases where there is not sufficient basis for making a lawful arrest." *State v. Welch*, 316 N.C. 578, 584, 342 S.E.2d 789, 792 (1986). Our Supreme Court has held that "Article 14 of Chapter 15A applies only to suspects and accused persons before arrest, and persons formally charged and arrested, who have been released from custody pending trial. The statute does not apply to an in custody accused." *State v. Irick*, 291 N.C. 480, 490, 231 S.E.2d 833, 840 (1977); *accord Welch*, 316 N.C. at 585, 342 S.E.2d at 793. This interpretation applies even to a defendant in custody on a charge or charges unre-

lated to the offense being investigated by police. *See State v. Puckett,* 46 N.C. App. 719, 723, 266 S.E.2d 48, 51 (1980); *State v. Thompson,* 37 N.C. App. 651, 657, 247 S.E.2d 235, 239 (1978). Since defendant was in custody at the Forsyth County Jail when the photographs were taken, a nontestimonial identification order was not required. It does not matter that defendant was in custody on a charge unrelated to that being investigated by the officer. We conclude the learned and able trial judge did not err in denying defendant's motion to suppress.

[2] We further note that the officer's failure to obtain a search warrant prior to photographing defendant's shoes did not violate defendant's constitutional rights. " 'It is well settled in North Carolina that clothing worn by a person while in custody under a valid arrest may be taken from him for examination.' " *State v. Steen,* 352 N.C. 227, 241, 536 S.E.2d 1, 10 (2000) (quoting *State v. Dickens,* 278 N.C. 537, 543, 180 S.E.2d 844, 848 (1971)), *cert. denied,* 531 U.S. 1167, 148 L. Ed. 2d 997 (2001). Also, the United States Supreme Court has held that

> once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other.

*United States v. Edwards,* 415 U.S. 800, 807, 39 L. Ed. 2d 771, 778 (1974), *quoted in State v. Payne,* 328 N.C. 377, 396, 402 S.E.2d 582, 593 (1991)). In the instant case, defendant was in police custody pursuant to a valid arrest. If the clothing in his possession could be taken from him for examination, then the officer was well within his authority, and the bounds of the federal and state constitutions, to take a photograph of defendant's shoes.

[3] Defendant next contends the trial court erred in denying his motions to dismiss the charges of larceny from the person. We disagree.

A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch,* 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as ade-

quate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "When ruling on a motion to dismiss, all of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence. *State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000). Contradictions or discrepancies in the evidence "are for the jury to resolve and do not warrant dismissal of a case." *State v. Jarrell*, 133 N.C. App. 264, 268, 515 S.E.2d 247, 250 (1999).

The essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently. *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982); *State v. Reeves*, 62 N.C. App. 219, 223, 302 S.E.2d 658, 660 (1983). The crime of larceny from the person is a felony regardless of the value of the property taken. N.C. Gen. Stat. § 14-72(b)(1) (2001); *see also State v. Buckom*, 328 N.C. 313, 317, 401 S.E.2d 362, 364 (1991). "As none of our statutes define the phrase 'from the person' as it relates to larceny, the common law definition controls." *Buckom*, 328 N.C. at 317, 401 S.E.2d at 364.

In *Buckom*, our Supreme Court looked to the common law definition of larceny from the person and concluded:

Taken in the context of the foregoing common law principles, "[p]roperty is stolen 'from the person,' if it was under the protection of the person at the time. . . . [P]roperty may be under the protection of the person although not actually 'attached' to him." R. Perkins & R. Boyce, *Criminal Law* 342 (3d ed. 1982) (footnotes omitted). For example, if a jeweler places diamonds on a counter for inspection by a customer, under the jeweler's eye, the diamonds remain under the protection of the jeweler. *Id.* It has not been the general interpretation that larceny from the person "requires an actual taking from the person, and is not committed by a taking from the immediate presence and actual control of the person. . . . As said by Coke in the 1600's: 'for that which is taken in his presence, is in law taken from his person.' " *Id.* at 342-43 (quoting 3 Coke, *Institutes* *69).

*Id.* at 317-18, 401 S.E.2d at 365. Stated differently, "it is not necessary that the stolen property be attached to the victim's person in order for the theft to constitute larceny from the person as long as the property was within the victim's protection and presence at the time of the taking." *State v. Barnes*, 121 N.C. App. 503, 505, 466 S.E.2d 294, 296, *aff'd*, 345 N.C. 146, 478 S.E.2d 188 (1996).

In *Buckom*, our Supreme Court applied this broad definition of "from the person." It upheld a larceny from the person conviction based on evidence the defendant reached into a cash register and forcibly removed money while the cashier was in the process of making change. The money had not been attached to, or dislodged from, the cashier's person, but was within the cashier's protection and presence.

Here, the State's evidence is similar to that in *Buckom*. It shows defendant, on each occasion, forcefully reached into the cash register and removed money which was in the immediate presence and protection of the cashier. On at least three occasions, defendant grabbed or made contact with one of the cashier's hands in the process. This is substantial evidence of each of the essential elements of larceny from the person.

Nonetheless, defendant contends the evidence was insufficient to show he was the perpetrator. He claims: (1) many witnesses failed to identify him in early photo lineups; (2) the store security videotapes failed to show him taking money from the cash registers; (3) fingerprints found at one of the crime scenes were not his; and (4) at the time of the offenses, he had an eye infection, yet no witness testified that the perpetrator had an eye infection.

These discrepancies in the evidence were properly left for the jury to resolve and did not warrant dismissal of the charges against defendant. *See Jarrell*, 133 N.C. App. 264, 268, 515 S.E.2d 247, 250. Rather, when viewed in the light most favorable to the State, the evidence shows defendant was positively identified as the perpetrator of all seven larcenies. His argument to the contrary has no merit.

[4] By his final assignment of error, defendant contends the trial court erred by failing to include an instruction for the jury to consider the lesser included offense of misdemeanor larceny in each case. We do not agree.

Submission of a lesser included offense is only required when there is evidence from which the jury could find such crime was com-

mitted. *State v. Jones*, 291 N.C. 681, 687, 231 S.E.2d 252, 255 (1977). Here, all of the evidence tends to show forcible reaching into cash registers and the removal of money from the immediate presence and protection of the cashiers. This constitutes larceny from the person. There is no evidence tending to show the lesser offense of misdemeanor larceny.

For the reasons discussed herein, we hold defendant received a fair trial free from error.

No error.

Chief Judge EAGLES and Judge TYSON concur.