STATE OF NORTH CAROLINA v. TONYA BRIGETT JUSTICE

No. COA11-1232

(Filed 3 April 2012)

**Larceny—from a merchant by removal of anti-theft device— indictment fatally flawed—merchandise description too general—attempted larceny alleged—no subject matter jurisdiction**

The trial court lacked subject matter jurisdiction in a larceny from a merchant by removal of anti-theft device case because the indictment was fatally flawed. The description "merchandise" was too general to identify the property allegedly taken by defendant and the indictment alleged only an *attempted* rather than a *completed* larceny. Judgment was arrested, which served to vacate the verdict, and the habitual felon judgment was reversed and remanded for dismissal of the habitual felon indictment.

Appeal by Defendant from judgment dated 16 May 2011 by Judge James U. Downs in Henderson County Superior Court. Heard in the Court of Appeals 20 February 2012.

*Attorney General Roy Cooper, by Deputy Director Caroline Farmer, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for Defendant.*

STEPHENS, Judge.

Defendant Tonya Justice appeals from judgment entered upon her conviction of larceny from a merchant by removal of anti-theft device. For the reasons which follow, we arrest judgment in part, and reverse and remand in part.

At trial, the evidence tended to show the following: In December 2009, Defendant and a male friend went to a Belk department store. Defendant took several garments into a fitting room. She then handed some items out of the fitting room to her friend, who put the clothes back on hangers. The store's loss prevention manager, who recognized Defendant from a prior shoplifting incident, observed that the sensors were removed from several shirts that had been returned to hangers. The store's assistant manager called the police. As Defendant left the fitting room and walked toward the exit, the loss prevention manager stopped her and asked her to remove the merchandise she had under her clothes. Defendant admitted that she had removed the sensors from the clothing because she had a drug problem.

Defendant was indicted for larceny from a merchant by removal of anti-theft device and for having attained the status of habitual felon. A jury found Defendant guilty of the larceny offense and Defendant pled guilty to the habitual felon charge. Defendant appeals.

### Discussion

Defendant argues that the trial court (1) lacked subject matter jurisdiction because the indictment for the larceny charge was fatally flawed, (2) erred by allowing the State to amend the larceny indictment because the amendment involved a substantial alteration to the charge, and (3) erred by entering judgment on a fatally defective verdict for the larceny charge. Because we agree that the indictment was fatally flawed, we arrest the judgment entered upon Defendant's conviction of larceny from a merchant.

This Court reviews the sufficiency of an indictment *de novo*. *State v. Marshall*, 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citations omitted). If an indictment is fatally defective, then the superior court lacks subject matter jurisdiction over the case. *See State v. Bell*, 121 N.C. App 700, 702, 468 S.E.2d 484, 486 (1996). An indictment is fatally defective when it fails to charge an essential element of the offense. *State v. Bartley*, 156 N.C. App 490, 499, 577 S.E.2d 319, 324 (2003) (citation omitted).

Defendant was indicted under N.C. Gen. Stat. § 14-72.11 which makes larceny from a merchant a felony when the offense occurs under certain specific circumstances, including "[b]y removing,

destroying, or deactivating a component of an antishoplifting or inventory control device to prevent the activation of any antishoplifting or inventory control device." N.C. Gen. Stat. § 14-72.11(2) (2011). "The essential elements of larceny are that [the] defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property." *State v. Coats*, 74 N.C. App. 110, 112, 327 S.E.2d 298, 300 (1985) (citation omitted). Thus, an indictment under section 14-72.11(2) must allege the four elements of larceny and also removal of an antishoplifting or inventory control device.

In addition, our case law on larceny indictments makes clear that the property alleged to have been taken must be identified "with certainty sufficient to enable the jury to say that the article proved to be stolen is the same, and to enable the court to see that it is the subject of larceny and also to protect the defendant . . . in the event of future prosecution for the offense. . . ." *State v. Ingram*, 271 N.C. 538, 542, 157 S.E.2d 119, 122 (1967) (quotation marks and citation omitted). In *Ingram*, the Supreme Court held that an indictment's description of the property taken as "merchandise, chattels, money, valuable securities and other personal property" was too general and therefore insufficient. *Id.* at 543, 157 S.E.2d at 123; *compare State v. Monk*, 36 N.C. App. 337, 340, 244 S.E.2d 186, 188-89 (1978) (holding that "assorted items of clothing, having a value of $504.99 the property of Payne's, Inc." was a sufficiently particular description of the property taken to support a larceny charge).

Here, the indictment states:

> The jurors for the State upon their oath present that on or about the date of offense shown and in Henderson County the defendant named above unlawfully, willfully and feloniously did remove a component of an anti-theft or inventory control device to prevent the activation of the anti-theft or inventory control device. This act was committed in an effort to steal *merchandise* from Belks [sic] of Hendersonville, NC.

(Emphasis added). As in *Ingram*, the description "merchandise" is too general to identify the property allegedly taken by Defendant. As such, the indictment is fatally defective, and deprives the superior court of subject matter jurisdiction over the case. *Bell*, 121 N.C. App at 702, 468 S.E.2d at 486.

While the insufficient description of the property allegedly taken, standing alone, dooms the indictment here, we note that the indictment is also fatally flawed in that it alleges only an *attempted* rather than a *completed* larceny. *See State v. Chandler*, 342 N.C. 742, 753, 467 S.E.2d 636, 642 (1996) ("The offense of attempted larceny is complete where there is a general intent to steal and an act in furtherance thereof[.]"). The indictment here alleges that Defendant "did remove a component of an anti-theft or inventory control device . . . . in an effort to steal" property.

We reject the State's contentions that the indictment's mention of Defendant's removal of an antishoplifting device or the use of the phrase "effort to steal" allege a completed larceny. As to the former, as stated *supra*, an indictment under section 14-72.11(2) must allege the removal of an antishoplifting or inventory control device *in addition to* the four elements of larceny. Thus, the removal of an antishoplifting device is a separate and distinct element from the taking and carrying away of the property in question. As to the State's second contention, the word "steal" is defined as, *inter alia*, "[t]o take (personal property) illegally with the intent to keep it unlawfully[,]" while "attempt" is defined as "[t]he act or an instance of making an *effort* to accomplish something[.]" Black's Law Dictionary 1453, 137 (8th ed. 2004). Thus, the phrase "an effort to steal" plainly alleges only an attempted larceny and is insufficient to charge Defendant with an offense under section 14-72.11(2).

### Conclusion

"Judgment must be arrested when the indictment fails to charge a criminal offense or fails to charge an essential element of the offense." *State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982) (citation omitted). "When judgment is arrested because of a fatal flaw which appears on the face of the record, such as a substantive error on the indictment, the verdict itself is vacated and the [S]tate must seek a new indictment if it elects to proceed again against the defendant." *State v. Pakulski*, 326 N.C. 434, 439, 390 S.E.2d 129, 132 (1990) (citation omitted). The indictment against Defendant for larceny from a merchant is fatally flawed, and accordingly, we arrest the judgment, which serves to vacate the verdict entered against Defendant. As a result, we do not address Defendant's remaining arguments.

Further, we must reverse the judgment entered upon Defendant's guilty plea to the habitual felon charge against her. "[B]eing an habit-

ual felon is not a crime and cannot support, standing alone, a criminal sentence. Rather, being an habitual felon is a status justifying an increased punishment for the principal felony." *State v. Priddy*, 115 N.C. App. 547, 549, 445 S.E.2d 610, 612, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994) (citation omitted). Therefore, where "there [i]s no pending felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding," judgment entered upon Defendant's habitual felon conviction must be "reversed and the case remanded to th[e trial] court for entry of an order that the [habitual felon] indictment be dismissed." *State v. Allen*, 292 N.C. 431, 436, 233 S.E.2d 585, 589 (1977). Accordingly, we reverse the habitual felon judgment, and remand for dismissal of the habitual felon indictment.

JUDGMENT ARRESTED IN PART; REVERSED AND REMANDED IN PART.

Chief Judge MARTIN and Judge HUNTER, ROBERT C., concur.