An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1076

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.

DONALD GENE BARNETTE, JR.

Rowan County
No. 11 CRS 51850-51

Appeal by defendant from judgments entered 24 April 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 19 March 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Rajeev K. Premakumar, for the State.*

*Attorney Michael J. Reece, for defendant.*

ELMORE, Judge.

After being found guilty by a jury on 24 April 2013, judgment was entered against Donald Gene Barnette, Jr. (defendant) for the offenses of assault with a deadly weapon inflicting serious injury (AWDWISI) and intimidating a witness. Defendant was sentenced to consecutive terms of 38-55 months and 11-14 months active imprisonment. Defendant appealed his

convictions at sentencing on the basis that 1.) the trial court erroneously admitted secondary evidence of voice mail contents and 2.) he received ineffective assistance of counsel. After careful consideration, we find no error.

## I. Facts

Defendant was scheduled to appear in Rowan County District Court on 24 March 2011 for a communicating threats charge brought against him by Bobby Austin (the victim). A few days prior, between 11 March 2011 and 18 March 2011, the victim received two voice mails on his cell phone from defendant. The victim identified defendant as the person who left the voice mail messages because he recognized defendant's voice and phone number. The victim and defendant had known each other for over a year because defendant lived at the victim's house for three months while defendant dated the victim's daughter. The victim's wife, Robin Austin (Mrs. Austin), also heard defendant's voice mails, in which defendant said "I'm going to come get you; I ain't got nothing to lose. I'm going to kill you" and "[t]ell [victim's daughter] I ain't got nothing to do with her . . . family[.]" On 20 March 2011, defendant called the victim's daughter and told her that "there will be repercussions" if the victim did not drop the communicating

threats charge. A day later, the victim was attacked outside his residence at 135 Cedar Ridge Lane in China Grove by two people in ski masks. When the two people knocked the victim to the ground, the victim pulled off one of the person's masks and saw that the formerly masked person was defendant. Defendant then told the victim, "I'm going to kill you now[.]" Defendant and the other masked person hit the victim numerous times, cut his arm, and then ran away into the woods.

Thereafter, defendant was arrested and the State indicted him for AWDWISI and intimidating a witness. Before trial, the State informed the trial court of its intent to introduce the contents of the voice mails without having the actual voice mail messages. After the trial court impaneled the jury, it conducted a hearing outside the jury's presence to determine whether the victim and Mrs. Austin could testify at trial as to the contents of the voice mails. At the hearing, the victim and Mrs. Austin testified that they bought a new phone, and despite their best efforts, they could not find the old phone that stored the voice mails. At no point did defendant claim that the victim or Mrs. Austin destroyed or lost the phone in bad faith. Over defendant's objection during the hearing, the trial court determined that both the victim and Mrs. Austin would be

allowed to testify as to the contents of the voice mails. At trial, the victim and Mrs. Austin testified about what they heard on the voice mail messages without any renewed objection by defendant.

## II. Analysis

### a.) Voice mails

Defendant argues that the trial court committed plain error by allowing the State to present witness testimony as to the contents of the voice mails in lieu of the actual voice mails. We disagree.

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459

U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

Pursuant to North Carolina Rule of Evidence 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." N.C. Gen. Stat. § 8C-1, Rule 1002 (2013). The relevant exception found in Rule 1004 provides: "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if: (1) **Originals Lost or Destroyed.**--All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith[.]" N.C. Gen. Stat. § 8C-1, Rule 1004 (2013) (emphasis in original). According to this rule, the defendant must show that the evidence was destroyed in bad faith. *State v. Jarrell*, 133 N.C. App. 264, 269, 515 S.E.2d 247, 251 (1999). However, the party seeking to offer parol evidence must show that the evidence could not be located after a diligent search. *City of Gastonia v. Parrish*, 271 N.C. 527, 529, 157 S.E.2d 154, 156 (1967).

Here, the victim testified during the admissibility hearing that the phone storing the voice mails was "lost. I don't know what happened to it." When asked by the trial court about whether he intended to save the phone, the victim stated, "it got lost or something, couldn't find it. . . . I was going to save it. I think my wife tell [sic] me to keep that voice mail in case we go to court, but like I said, I lost it. I don't know what happened to it." Mrs. Austin also testified about the location of the phone, and she said that "[w]e was [sic] paying by the -- every month and that phone got old and I wanted a newer phone. . . . I really don't remember where it's at. I really don't remember. . . . I looked everywhere for it. . . . It's been gone for so long, honey, I looked for it and I can't find it. I've looked for it." The victim's and Mrs. Austin's testimony indicate that the phone was lost despite their reasonable efforts to locate it. Their combined testimony coupled with no assertion by defendant that the voice mails were destroyed or lost in bad faith were sufficient grounds for the trial court to allow other evidence of the voice mails' contents. Thus, the trial court did not err in allowing the victim and Mrs. Austin to later testify about the contents of the voice mails during the State's case-in-chief.

**b.) Ineffective Assistance of Counsel**

Next, defendant argues that he received ineffective assistance of counsel at trial because his counsel failed to renew his objection during the State's case-in-chief as to the entry of secondary evidence of the voice mail contents during the victim's and Mrs. Austin's testimony. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006). Under the deficiency prong above, the defendant must first establish that his trial counsel erred. *State v. Lee*, 348 N.C. 474, 492, 501 S.E.2d 334, 345 (1998) However, counsel does not err if he "fail[s] to object

to admissible evidence[.]" *State v. Mewborn*, 200 N.C. App. 731, 739, 684 S.E.2d 535, 540 (2009).

In the case *sub judice*, we have already ruled that the testimony by the victim and Mrs. Austin concerning the contents of the voice mails was properly admitted by the trial court. Thus, trial counsel's failure to object to the evidence during the State's case-in-chief was not error, and defendant's ineffective assistance of counsel claim necessarily fails. *See id.* (holding that defendant's claim for ineffective assistance of counsel "must fail" because his claim was solely based on trial counsel's "failure to object to admissible evidence").

### III. Conclusion

In sum, the trial court did not commit error, much less plain error, by allowing the State to present witness testimony as to the contents of the voice mails in lieu of the actual voice mails. Moreover, defendant did not receive ineffective assistance of counsel at trial.

No error.

Judges McCULLOUGH and DAVIS concur.

Report per Rule 30(e).