An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1324
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

v.                                          Forsyth County
                                            No. 12 CRS 061995
JOY FATINA MANNS


Appeal by defendant from judgment entered 1 May 2013 by Judge William Z. Wood in Forsyth County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Associate Attorney General Adrian Dellinger, for the State.*
>
> *Don Willey for defendant-appellant.*


HUNTER, Robert C., Judge.


Defendant appeals from judgment entered based upon her conviction for felonious larceny from a merchant by removing, destroying, or deactivating an antishoplifting or inventory control device. We find no error.

## Background

The State's evidence at trial establishes the following factual background. Paul Lott is the loss prevention manager at

Macy's in Winston-Salem, North Carolina. On 30 November 2012, after being alerted about defendant's presence, Mr. Lott, using an exterior video camera, located defendant in the parking lot. After leaning through the passenger window of a vehicle, defendant walked around and sat in the driver's seat. Defendant then took individual items of clothing out of a bag, wrapped a plastic bag around each item's antitheft device, and pulled each antitheft device apart.

Mr. Lott testified that Macy's used two types of antitheft devices to protect certain merchandise. The first type, called a microwave system, sets off an alarm when taken through the store's exits. The second type, called an ink tag, contains vials of ink which are supposed to stain the item when the tag is pulled apart. Mr. Lott testified that the type of merchandise recovered from defendant would have had been protected by these types of antitheft devices.

After Mr. Lott observed defendant removing the antitheft devices, he called the Winston-Salem Police Department, and officers responded within five minutes. Officer K.D. Freeman was one of the responding officers. He identified defendant, since he had known her for several years. Defendant told Officer Freeman that she had gone to Macy's to steal clothing in

order to pay her bills. Officer Freeman noticed that the antitheft devices had been burned and removed from the clothing. Defendant told him that she "learned how to steal a long time ago" and had burned the devices off. Another officer photographed the merchandise, seized it, and returned it to Mr. Lott. The merchandise consisted of jeans, pants, and a purse. Mr. Lott confirmed that the merchandise belonged to Macy's. The stolen goods had a total value of $894.00.

At the close of the State's evidence, defendant moved to dismiss the charge, but the trial court denied her motion. Defendant renewed her motion at the close of all evidence, which the trial court again denied.

The jury found defendant guilty of felonious larceny by removing, destroying, or deactivating an antishoplifting or inventory control device. The trial court sentenced defendant to a term of 6 to 17 months imprisonment. Defendant gave notice of appeal in a timely manner.

## Discussion

Defendant argues that the trial court erred by denying her motion to dismiss. "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a

lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). "This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

In the instant case, defendant was charged with larceny from a merchant by removing, destroying, or deactivating an antishoplifting or inventory control device, pursuant to N.C. Gen. Stat. § 14-72.11(2) (2013). "The essential elements of larceny are: (1) taking the property of another; (2) carrying it

away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Wilson*, 154 N.C. App. 686, 690, 573 S.E.2d 193, 196 (2002). Here, the State was required to prove the four elements of larceny, plus the additional element specified by section 14-72.11(2): that the larceny was committed against a merchant "[b]y removing, destroying, or deactivating a component of an antishoplifting or inventory control device to prevent the activation of any antishoplifting or inventory control device." N.C. Gen. Stat. § 14-72.11(2); *see State v. Justice*, ___ N.C. App. ___, ___, 723 S.E.2d 798, 800-01 (2012).

On appeal, defendant challenges the sufficiency of the evidence to support the additional element required by section 14-72.11(2), which makes the larceny a Class H felony under the circumstances. She argues that the evidence shows she made no attempt to remove, destroy, or deactivate the antitheft devices until after the larceny had been completed and therefore did not attempt to remove the antitheft devices to prevent their activation or carry out the theft undetected. Thus, while defendant concedes that the evidence was sufficient to support a larceny conviction, she contends that the record only supports a

conviction for misdemeanor larceny, given that the value of the stolen goods was under $1,000.00.

Defendant has not cited any legal authority for her argument, and we are not persuaded. The plain language of the statute does not support her contention. Furthermore, in *Justice*, we stated that "the removal of an antishoplifting device is a separate and distinct element from the taking and carrying away of the property in question." *Justice*, ___ N.C. App. at ___, 723 S.E.2d at 801. Although *Justice* dealt with an issue related to the indictment, we find our discussion of the elements of this offense in that decision to be instructive with respect to the instant issue, and we decline to deviate from the reasoning quoted above. *See id.*

We find that the State's evidence is sufficient to support a finding that defendant removed a component of an antishoplifting or inventory control device. Mr. Lott observed defendant removing antitheft devices from merchandise in the parking lot of Macy's. Defendant also stated to Officer Freeman that she went to Macy's to shoplift in order to pay her bills and that she burned off the antitheft devices. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss.

## Conclusion

For the foregoing reasons, we find no error.


NO ERROR.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).