An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-674

NORTH CAROLINA COURT OF APPEALS

Filed: 3 March 2015

STATE OF NORTH CAROLINA

v.

RONALD ANDRE WILLIS

Wake County
Nos. 12 CRS 216257, 8325

Appeal by defendant from judgment entered 3 December 2013 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 9 February 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Oliver G. Wheeler IV, for the State.*

> *Public Defender of New Hanover County Jennifer Harjo and Assistant Public Defender Brendan O'Donnell, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant Ronald Andre Willis appeals from a judgment entered consistent with a jury verdict finding him guilty of larceny from a merchant by removal of an anti-theft device, and his guilty plea to attaining habitual felon status. For the following reasons, we find no error.

On 21 August 2012, defendant was indicted for larceny from a merchant and for attaining habitual felon status. The State's evidence tended to show the following: On 20 July 2012, Caleb Popow and Gabriel Fischer were working in loss prevention at a J.M. Hollister store in Cary, North Carolina. The store's anti-theft system consisted of an electronic article surveillance ("EAS") monitor at the doorway and two anti-theft devices, hard sensors and soft sensors. An alarm sounds when a sensor passes through the EAS monitor. Hard sensors are the large plastic devices often attached to clothing. Soft sensors are white, about an inch long and three-eighths of an inch wide, and adhere to a product. Hollister used soft sensors on the store's fragrances. Because Hollister did not like the appearance of soft sensors on a displayed product, the sensors were attached to the inside bottom of a fragrance box by the manufacturer.

Popow saw defendant enter the store and felt he did not fit the store's target market. Defendant looked at a rack of clothing and then went to the men's cologne display. Popow, who was acting like a shopper, saw defendant select two different colognes, "Jake Cologne" and "SoCal." The cologne boxes were not covered with cellophane wrap, nor were they sealed closed with an adhesive.

Defendant opened the boxes, put the small bottles of cologne in his left pants pocket, and placed the closed, empty boxes back on the display. Defendant then walked out of the store without setting off the EAS monitor. Popow grabbed the empty SoCal box and verified that it contained a sensor.

Popow and Fischer followed defendant out of the store and approached him. They identified themselves as Hollister loss prevention agents, and asked defendant about the bottles of cologne he did not purchase. Defendant told them that he had given the bottles to a woman, whom the agents later determined to be April Yolanda Walston. Popow and Fischer accompanied defendant to the parking lot where he waved down a car. Ms. Walston was a passenger in the car. Defendant told Ms. Walston to give Popow and Fischer the cologne, and she handed over one bottle of cologne. Cary police officers arrived, searched the car, and found the other bottle of cologne. Defendant was arrested.

Defendant's case was called for trial in Wake County Superior Court on 2 December 2013. At the close of the State's evidence, defendant moved to dismiss the charges for insufficiency of the evidence. Defendant's motion was denied, and he chose not to testify on his own behalf. The trial court submitted the charges of felonious larceny from a merchant by removal of an anti-theft

device and the lesser-included offense of larceny.  A jury found defendant guilty of felonious larceny from a merchant by removal of an anti-theft device offense, and defendant subsequently pled guilty to the habitual felon charge. Defendant was sentenced to 97 to 127 months imprisonment.  Defendant appeals.

Defendant contends the trial court erred in denying his motion to dismiss.  "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense.  If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).  "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339

N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

> Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*State v. Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citation, quotation marks, and emphasis omitted).

Here, defendant was charged with larceny from a merchant by removing an antishoplifting or inventory control device pursuant to N.C. Gen. Stat. § 14-72.11(2) (2013). "The essential elements of larceny are: (1) taking the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Wilson*, 154 N.C. App. 686, 690, 573 S.E.2d 193, 196 (2002). The State was required to prove the elements of larceny and the additional element specified by section 14-72.11(2): that the larceny was committed against a merchant "[b]y removing, destroying, or deactivating a component of an antishoplifting or

inventory control device to prevent the activation of any antishoplifting or inventory control device." N.C. Gen. Stat. § 14-72.11(2); *see State v. Justice*, 219 N.C. App. 642, 643-44, 723 S.E.2d 798, 800-01 (2012) (holding that "an indictment under section 14-72.11(2) must allege the four elements of larceny and also removal of an antishoplifting or inventory control device").

Defendant challenges the sufficiency of the evidence to support the additional element required by section 14-72.11(2) that he removed a component of an antishoplifting device for the purpose of defeating the store's antishoplifting system. Defendant asserts that "[t]aking a bottle that has no sensor, out of a box that does have a sensor, does not amount to "'removing [] a component of an antishoplifting device.'" He also asserts that there was no evidence that he took the cologne bottles out of the boxes "for the purpose of defeating the antishoplifting system[.]" We are not persuaded.

Here, Popow observed defendant take two bottles from their boxes, place the bottles in his pants pocket, place the empty boxes back on the display, and exit the store without the alarm sounding. Defendant removed the colognes' antishoplifting device when he removed the colognes' packaging to which the antishoplifting device was physically attached. By exiting the store with the

unpackaged bottles of cologne in his pants pocket, defendant defeated the antishoplifting system and was able to exit the store with the cologne without setting off the store's EAS monitor system. Viewing this evidence in the light most favorable to the State, we conclude the State presented sufficient circumstantial evidence from which a reasonable person could conclude that defendant removed "a component of an antishoplifting or inventory control device to prevent the activation of" an antishoplifting system. N.C. Gen. Stat. § 14-72.11(2). Accordingly, the trial court properly denied defendant's motion to dismiss.

No error.

Chief Judge MCGEE and Judge STEPHENS concur.

Report per Rule 30(e).